UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| FERNANDO GERARDO MARTINEZ SALINAS,<br><br>     Petitioner,<br><br>     v.<br><br>RUBEN LEYVA, Field Office Director of Enforcement and Removal Operations, Salt Lake City Field Office, Immigration and Customs Enforcement; KENNETH PORTER, Director of the Boise U.S. Immigration and Customs Enforcement Field Sub-Office; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; TODD BLANCHE, U.S. Attorney General; and MIKE HOLLINSHEAD, Sheriff of Elmore County,<br><br>     Respondents. | Case No.  1:26-cv-00412-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Petitioner Fernando Gerardo Martinez Salinas's Petition for

Habeas Relief Under 28 U.S.C. § 2241 (Dkt. 1). For the reasons described below, the

Court will grant the Petition and order Respondents to immediately release Petitioner.

## BACKGROUND

Petitioner is a native and citizen of Mexico. Petitioner entered the United States

without admission in 2008. *Petition* ¶¶ 3, 26, Dkt. 1. He has no known criminal

**MEMORANDUM DECISION AND ORDER - 1**

history apart from a recent domestic battery charge, of which he has not been convicted—indeed, no preliminary hearing has yet been held to determine whether probable cause supports the charge. *Id.*

Petitioner was taken into ICE custody on July 3, 2026, after being released on his own recognizance by the Magistrate Court in Payette, Idaho. *Id.* He is now detained at the Elmore County Jail in Mountain Home, Idaho. *Id.* ¶ 4. Petitioner contends his detention is unlawful because the Department of Homeland Security (DHS) and the Executive Office for Immigration Review (EOIR) have determined that he is subject to mandatory detention without the possibility of bond under 8 U.S.C. § 1225(b)(2)(A). *Id.* ¶¶ 6–10. Petitioner has also filed a Motion for Temporary Restraining Order (Dkt. 2).

## LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). Throughout our nation's history, habeas review "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law." *Id.*

## ANALYSIS

The statutory question at the heart of this Petition is a familiar one—this Court has answered it dozens of times in recent months. Each of those cases traces to the same source: a change in position by DHS and EOIR on the reach of 8 U.S.C. § 1225,

**MEMORANDUM DECISION AND ORDER - 2**

which requires that a limited class of noncitizens be detained without any opportunity for a bond hearing. *See Moctezuma Macias v. Henkey*, No. 1:25-cv-00741, 2026 WL 221450, at *1-2 (D. Idaho Jan. 27, 2026); *see also, e.g.*, *Cordero Esparza v. Knight*, 1:25-cv-00601-BLW, 2025 WL 3228282 (D. Idaho Nov. 19, 2025). A full reexamination of that question is unnecessary here.

As the Court has previously explained, noncitizens facing immigration detention have historically been held under one of two statutes. Those "seeking admission into the country"—that is, noncitizens apprehended at or near the border— were detained under § 1225, which affords no bond hearing. Noncitizens already living in the United States were instead detained under 8 U.S.C. § 1226, which makes detention discretionary and provides a bond hearing, so that a detainee who poses neither a danger to the community nor a risk of flight may be released. *See Hernandez v. Sessions*, 872 F.3d 976 (9th Cir. 2017). The two statutes preserved a distinction the law has long drawn between noncitizens residing in this country and those who have not yet entered it. *See Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

That distinction held until last summer. On July 8, 2025, ICE issued its "Interim Guidance Regarding Detention Authority for Applicants for Admission," which treats every noncitizen who entered without inspection as subject to mandatory detention under § 1225(b)(2)(A)—regardless of when they were apprehended or how long they have lived in the United States. The Board of Immigration Appeals adopted the same position on September 5, 2025, holding in *Matter of Yajure Hurtado*, 29 I. &

**MEMORANDUM DECISION AND ORDER - 3**

N. Dec. 216 (BIA 2025), that immigration judges lack authority to conduct bond hearings for noncitizens who entered without admission because they are "applicants for admission" subject to mandatory detention under § 1225(b)(2)(A). District courts across the country have since rejected that interpretation as contrary to both the Immigration and Nationality Act and the due process rights of those detained. *See Alvarez Ortiz v. Freden*, No. 25-CV-960, 2025 WL 3085032, at *10 (W.D.N.Y. Nov. 4, 2025); *Guerrero Orellana v. Moniz*, No. 25-cv-12664, 2025 WL 2809996 (D. Mass. Oct. 3, 2025).

This Court has done the same. Confronted with a steady run of materially identical petitions, it has rejected Respondents' reading of § 1225 each time, setting out its reasoning at length in decisions such as *Quijada Cordoba v. Knight*, 1:25-cv-00605, 2025 WL 3228945 (D. Idaho Nov. 19, 2025). Respondents present no argument here that those decisions did not already address, so the Court will not retread that ground. For the reasons given in its earlier decisions, the Court concludes that Petitioner's mandatory detention under § 1225 is unlawful. *See Moctezuma Macias*, 2026 WL 221450, at *1. That leaves only the question of remedy.

In resolving a habeas petition, a district court has equitable discretion to dispose of the matter "as law and justice require." *See Brown v. Davenport*, 596 U.S. 118, 127-28 (2022). But that discretion has limits. Relief "should be no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs before the court," and it "must be narrowly tailored to remedy the specific harm

MEMORANDUM DECISION AND ORDER - 4

shown." *E. Bay Sanctuary Covenant v. Biden*, 993 F.3d 640, 680 (9th Cir. 2021) (cleaned up).

For their part, Respondents ask that if the Court concludes § 1226(a) applies, the matter be remanded to ICE for the custody determination that statute and its implementing regulations contemplate. In some cases, a bond hearing or similar administrative process may be enough to cure an unlawful detention. *See E.C. v. Noem*, No. 2:25-cv-01789, 2025 WL 2916264, at *12 (D. Nev. Oct. 14, 2025); *see also Hernandez-Lara v. Lyons*, 10 F.4th 19, 45-46 (1st Cir. 2021). This is not one of them. Petitioner has never been convicted of a crime, and Respondents do not argue that he is dangerous or likely to flee. To the contrary, they concede that this Petition "presents no complicating feature from those previously filed petitions for habeas corpus relief wherein the Court has ordered release." *Response* at 1-2, Dkt. 7. That concession, together with Petitioner's eighteen years of residence in the United States, points to immediate release.

Immediate release is also the remedy this Court and others have ordered on comparable facts. *See, e.g., Sanchez v. Leyva*, No. 1:26-CV-00361-BLW, 2026 WL 1831426, at *2 (D. Idaho June 25, 2026); *Lepe*, 2025 WL 2716910, at *10; *J.U. v. Maldonado*, No. 25-cv-4836, 2025 WL 2772765, at *10 (E.D.N.Y. Sept. 29, 2025); *Rosado v. Figueroa*, No. 25-cv-2157, 2025 WL 2337099, at *19 (D. Ariz. Aug. 11, 2025); *Pinchi v. Noem*, No. 25-cv-05632, 2025 WL 1853763, at *4 (N.D. Cal. July 4, 2025). As one court explained, "without a legitimate interest in his detention,

MEMORANDUM DECISION AND ORDER - 5

immediate release appropriately remedies Respondents' violation of Petitioner's due process rights through his continued detention." *Santiago v. Noem*, No. EP-25-CV-361, 2025 WL 2792588, at *13-14 (W.D. Tex. Oct. 2, 2025) (cleaned up). The same is true here.

Finally, the remedy must account for Respondents' refusal to abandon their policy. A habeas order binds only the petitioner before the Court, so unless and until the Ninth Circuit issues a binding decision, Respondents will presumably keep applying their interpretation of § 1225—and detainees will keep filing nearly identical petitions, waiting in jail while each one is decided. That wait is itself a substantial deprivation of liberty, and substituting a bond hearing for release would only lengthen it. The Court cannot justify that result for a petitioner who appears to be neither a flight risk nor a danger to the community. *See Sanchez*, 2026 WL 1831426, at *2.

## ORDER

**IT IS ORDERED that**:

1. Petitioner's Petition for Writ of Habeas Corpus (Dkt. 1) is **GRANTED**.

2. Petitioner's Motion for Temporary Restraining Order (Dkt. 2) is **DENIED AS MOOT**.



DATED: July 29, 2026

B. Lynn Winmill
U.S. District Court Judge